UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
IN RE: SEPTEMBER 11 PROPERTY DAMAGE AND  :   21 MC 97 (AKH)
BUSINESS LOSS LITIGATION                           :   21 MC 101 (AKH)
------------------------------------------------------------------ :
                                                                  :
WTC 7 GROUND LITIGATION                           :   02 CV 7188 (AKH)
                                                                  :   02 CV 7328 (AKH)
                                                                  :   04 CV 7272 (AKH)
                                                                  :
------------------------------------------------------------------x


## MEMORANDUM OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY IN SUPPORT OF FOCUSED DISCOVERY FROM THE GOVERNMENT


Beth D. Jacob (BJ6415)
SCHIFF HARDIN LLP
623 Fifth Avenue
New York, New York 10022
(212) 753-5000

*Attorneys for Defendant The Port Authority of New York and New Jersey in World Trade Center 7 Litigation*

**MEMORANDUM OF THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY IN SUPPORT OF
<u>FOCUSED DISCOVERY FROM THE GOVERNMENT</u>**

The Port Authority of New York and New Jersey, as defendant in the World Trade Center 7 Ground Litigation, submits this memorandum in support of focused discovery from the government,[1] which is relevant to its defenses in the WTC7 Litigation based on established New York law that an intervening cause can break the chain of causation. The events of September 11, 2001, were extraordinary. One extraordinary feature of that tragic day was the unprecedented conversion of commercial airliners into guided missiles of mass destruction. Relevant to establishing this intervening act is discovery concerning the conduct and nature of the terrorist hijackings themselves and the conduct and negligence of the Aviation Defendants in permitting breaches of their security.[2]

Among the areas of inquiry that are relevant to establishing that the terrorist attacks on the World Trade Center were so extraordinary that the Port Authority's alleged negligence, even if established, would not lead to its liability are whether government evidence will show that the September 11th plot was planned and executed in a way that was unforeseeable to the Port Authority or show that the plot was successful because of the negligence of the Aviation Defendants themselves. The Port Authority disagrees with the Aviation Defendants' argument that the "government's crucial role in identifying and countering terrorist attacks" (Aviation Defendants' Memorandum at 3) excuses their own negligence.

---

[1] The discovery at issue is described by the Aviation Defendants in their *Motion For Focused Discovery From The Government.*

[2] Other intervening acts include the fact that the fire department, for very valid reasons, did not fight the fires in 7 World Trade Center, but the discovery at issue is not relevant to these other factors.

Thus, the requested discovery is relevant to the defense that the Port Authority is relieved of liability for alleged negligence, including negligence in the construction, design or maintenance of 7 World Trade Center and its back-up fuel systems, because, under established New York law, the fact that two commercial airliners flew into the Twin Towers were intervening acts that break the chain of causation. *See* Memorandum of Law in Support of Motions by Defendant The Port Authority of New York and New Jersey to Dismiss Plaintiffs' Complaints dated April 30, 2004, at 10-19. In its decision denying this motion, this Court found that fact discovery was needed to establish the factual predicate for the Port Authority's intervening cause argument. *In re September 11 Property Damage and Business Loss Litig.*, 486 F.Supp.2d 508, 520 (S.D.N.Y. 2006) (the determination of proximate cause and intervening acts "can emerge only after a full factual record has been developed").

New York law provides that intervening acts, such as the airplanes flying into the World Trade Center buildings, break the chain of causation. *See, e.g., McCarthy v. Sturm, Ruger and Co., Inc.*, 916 F.Supp. 366, 372 (S.D.N.Y. 1996), *aff'd sub nom., McCarthy v. Olin Corp.*, 119 F.3d 148 (2d Cir. 1997), quoting *Forni v. Ferguson*, No. 132994/94, slip op. at 14 (N.Y. Sup. Ct., New York County, Aug. 2, 1995), *aff'd*, 232 A.D.2d 176 (1st Dep't 1996) (a murderous shooting spree "was an extraordinary act which broke the chain of causation" in related negligence and strict liability actions); *Kush v. City of Buffalo*, 59 N.Y.2d 26, 33 (1983) ("[a]n intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature . . . that responsibility for the injury may not be reasonably attributed to the defendant"); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 621 (10th Cir. 1998) ("the criminal activities of the [Oklahoma City] bomber or bombers acted as the supervening cause of plaintiffs' injuries," precluding negligence liability on

the part of ammonium nitrate manufacturer). Here, the factual discovery sought from the government is relevant concerning the extraordinary nature of the events of September 11 and allowing the Port Authority to establish that those events were intervening causes breaking the chain of causation regarding the Port Authority's alleged negligence.

Besides breaking the chain of causation, the extraordinary events of September 11 also serve to relieve any liability on the part of the Port Authority because the events were not a "normal or foreseeable consequence" of the Port Authority's alleged negligence. *Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 314 (1980) ("liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence"). Rather, they "merely operated" upon the Port Authority's alleged negligence, and did not flow from it. *Id. See Rivera v. City of New York,* 11 N.Y.2d 856, 857 (1962) (although the alleged negligence helped "created the specific injuries for which damages were sought," the proximate cause of the injury was the unforeseeable intervening act); *Sheehan v. City of New York*, 40 N.Y.2d 496, 503 (1976) (no proximate cause as a matter of law where alleged negligent act merely furnished the condition or occasion for the occurrence of the event rather than serving as one of its causes); *Ventricelli v. Kinney System Rent A Car, Inc.,* 45 N.Y.2d 950 (1978) (automobile lessor who negligently supplied car with defective trunk lid was not liable to lessee who, while stopped to repair trunk, was injured by negligent driving of third party). If the attacks on the World Trade Center on September 11, 2001, are found to have been unforeseeable, then any causal connection between the Port Authority's alleged negligence and the injury claimed by the plaintiffs in the World Trade Center 7 Litigation is severed. *Rivera*, 11 N.Y.2d at 857.

4

Thus, through the requested discovery from the government, the Port Authority may be able to support its intervening cause arguments. Given the broad scope of permissible discovery and the centrality of these arguments to the Port Authority's defense, as well as the coordination of discovery among the different components of the *In re September 11 Litigation*, the requested discovery from the government should be permitted.

Dated: New York, New York
      May 25, 2007

                                      Respectfully submitted,

                                      SCHIFF HARDIN LLP

                                      By: _____
                                            Beth D. Jacob (BJ6415)
                                            623 Fifth Avenue
                                            New York, New York 10022
                                            (212) 753-5000

                                      *Attorneys for Defendant The Port*
                                      *Authority of New York and New Jersey*

CHI\ 5017183.4