UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

| | |
|---|---|
| | : Civil No. |
| | : 21 MC 97 (AKH) |
| IN RE SEPTEMBER 11 LITIGATION | : 21 MC 101 (AKH) |
| | : |
| - and - | : This Declaration relates to: |
| | : 03 CV 7071 (AKH) |
| IN RE SEPTEMBER 11 PROPERTY DAMAGE AND | : MICHAEL SWEENEY v. |
| BUSINESS LOSS LITIGATION | : AMERICAN AIRLINES, INC., |
| | : et al. |
| | : |
| | : **DECLARATION OF** |
| | **DESMOND T. BARRY, JR.** |

------------------------------------------------------------------ X

     1.     I am an attorney and member of the law firm of Condon & Forsyth LLP, co-counsel for defendants American Airlines, Inc. and AMR Corporation in this litigation and I am fully familiar with all prior pleadings and proceedings.

     2.     I submit this declaration in support of the motion by defendants American Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation for an Order: (1) approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act applies to the settlement amount; and (4) dismissing the Complaint with prejudice as to all defendants.

     3.     Annexed hereto as Exhibit "A" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Sweeney v. American Airlines, Inc., et al.*, 03 Civ. 7071 (AKH), with the settlement amount redacted. An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on July 26, 2007, at New York, New York.

Desmond T. Barry, Jr.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :    No.: 21 MC 97 (AKH)
                                          :
IN RE SEPTEMBER 11 LITIGATION             :    **THIS DOCUMENT RELATES TO:**
                                          :    **03 CV 7071 (AKH)**
                                          :    **MICHAEL SWEENEY v.**
                                          :    **AMERICAN AIRLINES, INC., et al.**
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and GLOBE AVIATION SERVICES CORPORATION (hereinafter "GLOBE"), and Plaintiff MICHAEL SWEENEY, in his own right and on behalf of Minor Children, and as Executor of the Estate of MADELINE A. SWEENEY, and on behalf of all heirs and next of kin of MADELINE A. SWEENEY, deceased (hereinafter "PLAINTIFF") hereby agree:

1.      In consideration of the sum of

to be paid by the Insurers of AMERICAN and AMR, and the sum of

to be paid by the Insurers of GLOBE, for a total of the payments to PLAINTIFF of

PLAINTIFF agrees to release and discharge AMERICAN, AMR, GLOBE and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), and agrees to execute a Confidential Release in the form attached hereto as Exhibit "1".

2.      The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR and GLOBE in ensuring that the full amounts paid pursuant to this Agreement count

1

against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR, and GLOBE are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

> (a) AMERICAN, AMR and GLOBE shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

> (b) No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR, and GLOBE, shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR and GLOBE, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" to the Confidential Release in the form attached hereto as

Exhibit "1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as Exhibit "1".

5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and GLOBE an executed Confidential Release in the form attached hereto as Exhibit "1". The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of MADELINE A. SWEENEY as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.    Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for AMERICAN, AMR and GLOBE of the executed Confidential Release, whichever is later, AMERICAN, AMR and GLOBE's insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release. In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and

3

PLAINTIFF shall be entitled to reinstate his case against the RELEASEES.

7.    The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this agreement does not constitute an admission of liability by any party.

8.    This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.    This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR and GLOBE.

10.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

4

11.    This agreement may be executed in counterparts.

Dated: New York, New York
       This 12ᵗʰ day of _____, 2007.


MOTLEY RICE LLC                          CONDON & FORSYTH LLP

By: _____             By: _____
    Donald A. Migliori                       Desmond T. Barry, Jr. (DB 8066)

28 Bridgeside Blvd                       Times Square Tower
PO Box 1792                              7 Times Square
Mt. Pleasant, SC 29465                   New York, New York  10036
(843) 216-9000                           Tel.: (212)490-9100
                                         Fax: (212)370-4483

-and-                                    -and-

HANLY & CONROY, LLP                      DEBEVOISE & PLIMPTON LLP
415 Madison Avenue                       919 Third Avenue
New York, NY 10017                       New York, New York  10022
(212) 401-7600                           Tel.: (212)909-6000
                                         Fax: (212)909-6836
Attorneys for Plaintiff
MICHAEL SWEENEY                          Attorneys for Defendants
                                         AMERICAN AIRLINES, INC. and
                                         AMR CORPORATION


JONES, HIRSCH, CONNORS & BULL P.C.
                                         GLOBAL AEROSPACE UNDERWRITING
                                         MANAGERS
By:_____
    James P. Connors (JC 5421)
                                         By:_____
                                             John P. Meehan
One Battery Park Plaza
New York, New York 10004
Tel:  (212) 527-1000
Fax:  (212) 527-1680                     For and on behalf of the insurers for
                                         AMERICAN AIRLINES, INC. and AMR
                                         CORPORATION


5

11.   This agreement may be executed in counterparts.

Dated: New York, New York
This _____ day of _____, 2007.


MOTLEY RICE LLC                          CONDON & FORSYTH LLP


By:_____             By:_____
     Donald A. Migliori (    )                Desmond T. Barry, Jr. (DB 8066)

28 Bridgeside Blvd                       Times Square Tower
PO Box 1792                              7 Times Square
Mt. Pleasant, SC 29465                   New York, New York  10036
(843) 216-9000                           Tel.: (212)490-9100
                                         Fax: (212)370-4483

-and-                                    -and-

HANLY & CONROY, LLP                      DEBEVOISE & PLIMPTON LLP
415 Madison Avenue                       919 Third Avenue
New York, NY 10017                       New York, New York  10022
(212) 401-7600                           Tel.: (212)909-6000
                                         Fax: (212)909-6836

Attorneys for Plaintiff                  Attorneys for Defendants
MICHAEL SWEENEY                          AMERICAN AIRLINES, INC. and
                                         AMR CORPORATION


JONES, HIRSCH, CONNORS & BULL P.C.       GLOBAL AEROSPACE UNDERWRITING
                                         MANAGERS

By:_____             By:_____
     James P. Connors (JC 5421)               John P. Meehan

One Battery Park Plaza
New York, New York 10004
Tel:  (212) 527-1000                     For and on behalf of the insurers for
Fax:  (212) 527-1680                     AMERICAN AIRLINES, INC. and AMR
                                         CORPORATION

5

11.  This agreement may be executed in counterparts.

Dated: New York, New York
      This _____ day of _____, 2007.


MOTLEY RICE LLC                          CONDON & FORSYTH LLP


By:_____            By:_____
    Donald A. Migliori (   )                Desmond T. Barry, Jr. (DB 8066)

28 Bridgeside Blvd                       Times Square Tower
PO Box 1792                              7 Times Square
Mt. Pleasant, SC 29465                   New York, New York 10036
(843) 216-9000                           Tel.: (212)490-9100
                                         Fax: (212)370-4483

-and-                                    -and-

HANLY & CONROY, LLP                      DEBEVOISE & PLIMPTON LLP
415 Madison Avenue                       919 Third Avenue
New York, NY 10017                       New York, New York 10022
(212) 401-7600                           Tel.: (212)909-6000
                                         Fax: (212)909-6836
Attorneys for Plaintiff
MICHAEL SWEENEY                          Attorneys for Defendants
                                         AMERICAN AIRLINES, INC. and
                                         AMR CORPORATION


JONES, HIRSCH, CONNORS & BULL P.C.       GLOBAL AEROSPACE UNDERWRITING
                                         MANAGERS

By:_____
    James P. Connors (JC 5421)           By:_____
                                             John P. Meehan
One Battery Park Plaza
New York, New York 10004                 For and on behalf of the insurers for
Tel: (212) 527-1000                      AMERICAN AIRLINES, INC. and AMR
Fax: (212) 527-1680                      CORPORATION


                             5

-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

- and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSYLVANIA

By: _____
    Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY

By:_____
    Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

NYOFFICE 666653v1

-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

- and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSYLVANIA

By:_____
        Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY

By:_____
        Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| IN RE SEPTEMBER 11 LITIGATION | No.: 21 MC 97 (AKH)<br><br>**THIS DOCUMENT RELATES TO:**<br>**03 CV 7071 (AKH)**<br>**MICHAEL SWEENEY v.**<br>**AMERICAN AIRLINES, INC., et al.** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL RELEASE

MICHAEL SWEENEY, in his own right and on behalf of Minor Children, and as Executor of the Estate of MADELINE A. SWEENEY, and on behalf of all beneficiaries, survivors, heirs and next of kin of MADELINE A. SWEENEY, deceased, as RELEASOR, and in consideration of the sum of                                                          to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of GLOBE AVIATION SERVICES CORPORATION (hereinafter, "GLOBE"), for a total of the payments to RELEASOR of

hereby releases and discharges AMERICAN, AMR, GLOBE, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements,

promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, admiralty or equity, which the RELEASOR, RELEASOR's heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall or may, have against the RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to MADELINE A. SWEENEY, whether assertable by the heirs or personal representative of MADELINE A. SWEENEY or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to MADELINE A. SWEENEY, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other property of MADELINE A. SWEENEY; and any and all other losses, damages and/or injuries relating to or arising out of MADELINE A. SWEENEY having been a crew member on American Airlines Flight 11 on September 11, 2001 (hereinafter, "the death of MADELINE A. SWEENEY") from the beginning of the world to the day of the date of this Confidential Release.

FOR AND IN FURTHER CONSIDERATION of the payments described above, the RELEASOR agrees as follows:

1.    The RELEASOR agrees to protect, indemnify, and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the

2

**EXHIBIT 1**

legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASOR, relating to or arising out of the death of MADELINE A. SWEENEY whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability, or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges, and accepts that there is a risk that, after the execution of this Confidential Release, (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of MADELINE A. SWEENEY, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to RELEASOR may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of MADELINE A. SWEENEY as well as those known and anticipated. The provisions of any local, state, federal, or foreign law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of MADELINE A. SWEENEY. RELEASOR acknowledges that RELEASEES expressly

continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that he is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that he has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of MADELINE A. SWEENEY except those set forth in this Confidential Release; and that he is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion, or undue influence by the RELEASEES or anyone else.

6.    RELEASOR represents and warrants that he has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature whatsoever, arising from or relating to the death of MADELINE A. SWEENEY in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not

preclude RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of MADELINE A. SWEENEY, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that he has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that he has done so or agreed to waive this right. RELEASOR further understands and agrees that he shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of MADELINE A. SWEENEY other than any expenses previously paid for by the RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that he has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that he will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR, and GLOBE.

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the

_____ day of _____, 2007.

_____

MICHAEL SWEENEY, RELEASOR

STATE OF _____   )
                                ) ss.:
COUNTY OF _____   )

On _____, 2007, before me personally came MICHAEL SWEENEY, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that he executed the same.


_____

NOTARY PUBLIC

NYOFFICE 666654v1                                                       **EXHIBIT 1**

# APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.,

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

TEM ENTERPRISES d/b/a CASINO EXPRESS

**EXHIBIT 1**

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC