UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

|  |  |
|---|---|
| | : Civil Nos. |
| | : |
| IN RE SEPTEMBER 11 LITIGATION | : 21 MC 97 (AKH) |
| | : 21 MC 101 (AKH) |
| - and - | : |
| | : This Motion relates to: |
| IN RE SEPTEMBER 11 PROPERTY DAMAGE | : 03 CV 7071 (AKH) |
| AND BUSINESS LOSS LITIGATION | : MICHAEL SWEENEY v. |
| | : AMERICAN AIRLINES, INC., |
| | : et al. |
| | : |

------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER: (1) APPROVING THE SETTLEMENT; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE; (3) RULING THAT THE LIABILITY LIMITATION CONTAINED
IN SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND SYSTEM
STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNT; AND
(4) DISMISSING THE COMPLAINT WITH PREJUDICE**

Defendants American Airlines, Inc. ("American"), AMR Corporation ("AMR") and

Globe Aviation Services Corporation ("Globe"), respectfully move for the entry of an Order: (1)

approving the settlement reached between the parties in *Sweeney v. American Airlines, Inc., et

al.*, 03 Civ. 7071 (AKH), as fair, reasonable, and reached in good faith; (2) directing the entry of

final judgment in the matter in accordance with the terms of the settlement, pursuant to Rule

54(b) of the Federal Rules of Civil Procedure; (3) ruling that the amount paid pursuant to the

settlement counts towards the limitation of liability established by Section 408(a)(1) of the Air

Transportation Safety and System Stabilization Act applicable to American, AMR and Globe;

and (4) dismissing the complaint in *Sweeney v. American Airlines, Inc., et al.*, 03 Civ. 7071

(AKH), with prejudice as to all defendants.

1

## PRELIMINARY STATEMENT

This Motion has two objectives. First, defendants seek the entry of an Order to ensure the finality of their settlement and to reflect that the full amount paid pursuant to the settlement counts towards the limitation imposed by the Air Transportation Safety and System Stabilization Act (the "ATSSSA") on liability arising from the terrorist-related aircraft crashes of September 11, 2001. The settlement agreement provides that defendants shall have no obligation thereunder and that no payment will be made, unless and until a final, non-appealable determination is obtained ruling that the full amount to be paid under the settlement counts against the limitation on liability established by Section 408(a)(1) of the ATSSSA.

Second, this motion serves to provide fair notice to all parties in Civ. No. 21 MC 97 and Civ. No. 21 MC 101 that a settlement has been reached that will consume a portion of the insurance coverage available. The wrongful death, personal injury, property damage and business interruption claims exceed the limits of the defendants' liability insurance, and the ATSSSA restricts defendants' liability to those limits. For that reason, the defendants are hereby providing notice of the existence and terms of their settlements.[1] A copy of the Confidential Stipulation of Settlement is attached to the Declaration of Desmond T. Barry, Jr., submitted herewith as Exhibit "A", with references to the settlement amount redacted. An unredacted version of the Confidential Stipulation of Settlement is being filed under seal with the Court.

If the amount of the settlement – as opposed to a payment pursuant to a judgment resulting from jury verdict – did not come under the 408(a)(1) limitation, the aviation defendants would have no choice but to pursue continued, protracted litigation of these claims. No one's

---

[1]    This motion has been served on all Liaison Counsel in Civ. No. 21 MC 97 and Civ. No. 21 MC 101, as well as counsel for plaintiff Michael Sweeney.

interests would be served by such a result: compensation to victims of the September 11 attacks would be delayed, and the Court would be saddled with the burden of complex litigation in the personal injury and wrongful death cases when an agreed-upon resolution is otherwise available. To effectuate the language and purpose of the ATSSSA, as well as to avoid unnecessary and undesirable results, the Court should enter the attached proposed Order. In addition, because there is no just reason for delay, the Court should direct the immediate entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the terms of the settlement agreement.

## STATEMENT OF FACTS

### I.      *Sweeney v. American Airlines, Inc., et al.*, 03 Civ. 7071 (AKH).

Plaintiff Michael Sweeney's decedent, Madeline A. Sweeney, was a crew member on American Airlines Flight 11. Ms. Sweeney lost her life when terrorists seized control of the aircraft and intentionally crashed it into 1 World Trade Center.

### II.     The Settlement Process

Pursuant to a settlement process that this Court helped establish, plaintiff and defendants agreed upon a settlement in the above referenced case. The settlement provides for a payment to plaintiff in full satisfaction of his claims. The settlement agreement also provides that defendants will have no obligations thereunder, and that no payment to plaintiff will be made, until: (1) a final judgment has been entered in accordance with the settlement terms and the time to appeal has been exhausted; and (2) a final ruling has been made that payment pursuant to the settlement counts towards the limitation on liability imposed by Section 408(a)(1) of the ATSSSA.

The settlement was the product of extensive negotiation between experienced counsel pursuant to a Court-established schedule. Over the course of meaningful negotiations, and taking into account such factors as the risks of litigation, the various factual and legal claims and defenses of the parties, and the individual circumstances of the plaintiff and his decedent, the parties reached the resolution embodied in the settlement agreement. American's and Globe's respective insurers agreed to jointly fund the *Sweeney* settlement. The settlement applies to all defendants and provides for the dismissal of the complaint as to all defendants.

Throughout the negotiations, the parties recognized the significant interest of the defendants in ensuring that the full amounts paid under any settlement would count towards the limitation on liability established by Section 408(a)(1) of the ATSSSA. Thus, the parties have made it a condition precedent to any payment under the terms of the settlement that a final, non-appealable order issue confirming that the full amount of the settlement counts towards the limitation of liability under Section 408(a)(1) of the ATSSSA. Defendants simply would not be willing to enter into a settlement that might expose them to liability in excess of the Section 408(a)(1) limits. Defendants are prepared to make payment to plaintiff of the settlement amount promptly upon the issuance of a final non-appealable ruling. Absent such a ruling, this case will not settle and plaintiff will be forced to await the conclusion of the entire litigation before any liability can be established and any determination can be made of the amount of compensation, if any, that plaintiff will receive.

## ARGUMENT

### I.     The Court Should Approve The Settlement And Enter Judgment.

#### A.     Section 408 of the ATSSSA.

In the immediate aftermath of the September 11, 2001 terrorist attacks, Congress enacted

the ATSSSA.  Recognizing the urgent need to provide for compensation to the victims of the

attacks and to protect the aviation industry against devastating financial consequences, Congress

created two alternatives for victims who suffered personal injury or death:  they could elect to

receive compensation from the government-funded Victims' Compensation Fund ("VCF")

without the necessity of proving fault, or they could pursue a newly created, exclusive federal

cause of action for damages.[2]

While permitting litigation for claims arising from the September 11 attacks, the

ATSSSA provides that liability for all claims against specified defendants may not exceed the

limits of each defendant's respective liability insurance coverage.  Section 408(a)(1) of the

ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims,
> whether for compensatory or punitive damages or for contribution
> or indemnity, arising from the terrorist-related aircraft crashes of
> September 11, 2001, against an air carrier, aircraft manufacturer,
> airport sponsor, or person with a property interest in the World
> Trade Center, on September 11, 2001, whether fee simple,
> leasehold or easement, direct or indirect, or their directors, officers,
> employees or agents, shall not be in an amount greater than the

---

[2]     This litigation includes multiple cases alleging property damage and business interruptions
resulting from the September 11 attacks.  Those cases have been consolidated in a separate
track of the litigation under the docket number 21 MC 101.  As ATSSSA foresaw, the
Aviation Defendants have also been subject to cross-claims alleging property damage by,
among others, the Port Authority of New York and New Jersey and World Trade Center
Properties LLC.

> limits of liability insurance coverage maintained by that air carrier,
> air manufacturer, airport sponsor or person.[3]

107 Pub. L. 71, § 408(a)(1).  This sweeping language includes liability pursuant to settlements like those at issue here.

First, this is a claim "arising from the terrorist-related aircraft crashes of September 11, 2001."  Ms. Sweeney lost her life when terrorists seized control of the aircraft and intentionally crashed Flight 11 into 1 World Trade Center.

Second, the liability imposed by virtue of the settlement at issue is part of the "liability for all claims" that Congress has directed shall not exceed the limits of each defendant's liability insurance coverage.  "Liability" is a "broad legal term of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent or likely."  Black's Law Dictionary 631 (6th ed. 1991).  Courts routinely count liability pursuant to settlement against the limits of defendants' liability policy.  See, e.g., E.R. Squibb & Sons, Inc. v. Lloyd's & Co., 241 F.3d 154, 160 (2d Cir. 2001) (addressing allocation of pending, future and settled claims among limits of primary and excess policies).

Congress, in imposing the liability cap, must have been aware that most civil litigation is resolved by settlement, not trial, and could scarcely have contemplated that liability liquidated by settlement would be excluded from the statutory limitation.  To hold otherwise would hamstring the defendants entitled to Section 408's protection from settling claims and force them to continue litigation, in contravention of a well-established federal policy favoring the settlement of disputes.  See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106 (2d Cir.

---

[3]    Although section 408(a)(1) of the ATSSSA does not refer directly to security companies, by amendment to section 402(1), Congress clarified that the security companies are considered agents of the air carriers for purposes of application of the liability cap.

6

2005) ("We are mindful of the strong judicial policy in favor of settlements."); In re:

Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong

judicial policy in favor of settlements"). Moreover, Congress plainly intended to protect the

aviation industry against the risk of financial outlays not subject to insurance coverage. Finally,

a plaintiff who is a party to a settlement like this will benefit from receiving the settlement

payment now, rather than being forced to wait until the conclusion of lengthy, uncertain and

complicated litigation.

## B.    Certification Pursuant to Rule 54(b).

The settlement of the *Sweeney* case definitively resolves the case, and the dismissal with

prejudice of the complaint in the action is a classic final disposition. If the case had been

litigated on an entirely stand-alone basis, there would arguably be no need for any Rule 54(b)

certification. But the *Sweeney* case has been consolidated with the other personal injury and

wrongful death claims for pretrial purposes. For that reason, and to assure clarity that a final,

appealable determination is being made, certification under Rule 54(b) of the Federal Rules of

Civil Procedure is appropriate.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When more than one claim for relief is presented in an action,
> whether as a claim, counterclaim, cross-claim or third-party claim,
> or when multiple parties are involved, the court may direct entry of
> a final judgment as to one or more but fewer than all of the claims
> or parties only upon an express determination that there is no just
> reason for delay and upon an express direction for the entry of
> judgment.

Fed. R. Civ. P. 54(b). Here, there is no just reason for delay, and every reason to advance the

finality of the resolutions of cases arising from terrorist attacks that took place over five years

ago. See Cromer Fin. Ltd. v. Berger, 2002 U.S. Dist. LEXIS 20174, at *7 (S.D.N.Y. Oct. 23,

2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to

do so could frustrate the goals of the negotiated settlement.").

This settlement resolves all claims against the defendants by the plaintiff arising out of

the September 11 attacks and offers a chance to achieve closure. If plaintiff was forced to await

the outcome of a liability trial and the outcome of other claims – involving different parties and

different issues – before this resolution becomes final, a protracted limbo will ensue. Under the

terms of the settlement agreement, plaintiff will not receive the promised payments unless and

until a final judgment is entered and the appeals period is exhausted. See Laverty v. Savoy

Indus., Inc., 1992 U.S. Dist. LEXIS 15056 (S.D.N.Y. Oct. 6, 1992) (holding that inability to

execute on settlement was exactly the sort of "hardship and denial of justice through delay that

Rule 54(b) was designed to eliminate."). As long as any degree of uncertainty persists about

whether a settlement is subject to the limits of Section 408(a)(1) of the ATSSSA, defendants will

be unable to finally settle and dispose of claims, and there will be no prospects of streamlining

the litigation. Accordingly, the Court should direct entry of final judgment as to the claim

resolved by the settlement.

## CONCLUSION

For the reasons or arguments set forth above, the Court should enter an Order: (1)

approving the settlement; (2) ruling that the amount paid pursuant to the settlement counts

against the liability limits set forth in Section 408(a)(1) of the ATSSSA and applicable to

American Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation; (3)

directing entry of final judgment in accordance with the terms of the settlement agreement

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and (4) dismissing the Complaint

8

in *Sweeney v. American Airlines, Inc., et al.*, 03 Civ. 7071 (AKH), with prejudice as to all

defendants.

Dated: New York, New York
       July 26, 2007

                              Respectfully submitted,


                              CONDON & FORSYTH LLP


                              By:_____
                                   Desmond T. Barry, Jr., Esq. (DB 8066)
                              7 Times Square
                              New York, New York  10036
                              (212) 894-6700



                              -and-



                              DEBEVOISE & PLIMPTON LLP
                              Roger E. Podesta, Esq. (RP 1749)
                              Maura K. Monaghan, Esq. (MM 7682)
                              919 Third Avenue
                              New York, New York 10022
                              (212) 909-6000


                              Attorneys for Defendants
                              AMERICAN AIRLINES, INC. and AMR
                              CORPORATION


                              JONES HIRSCH CONNORS & BULL, PC


                              By:_____
                                   James P. Connors, Esq.  (JC 5421)
                              One Battery Park Plaza, 28th Floor
                              New York, New York 10004
                              (212) 527-1000

9

-and-

LORD, BISSELL & BROOK
Gary W. Westerberg, Esq.
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0700


-and-

KELLY, LIBBY & HOOPES P.C.
Paul V. Kelly, Esq.
175 Federal Street
Boston, Massachusetts 02110
(617) 338-9300


Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION