UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                            )
                                                            )
IN RE: SEPTEMBER 11 LITIGATION    )          21 MC 97 (AKH)
                                                            )
_____)


**MOTION OF *AMICUS CURIAE* THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS FOR LEAVE TO FILE BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO SET ASIDE THE DEFENDANTS'
<u>DESIGNATIONS OF CONFIDENTIALITY</u>**

*Amicus Curiae* The Reporters Committee for Freedom of the Press ("*Amicus*") respectfully requests this Court grant it leave to file its Brief in Support of Plaintiffs' Motion to Set Aside the Defendants' Designations of Confidentiality. *Amicus* is a voluntary, unincorporated association of reporters and editors that works to defend the First Amendment rights of the news media. It provides representation, guidance, and research in First Amendment litigation in state and federal courts.

Here, *Amicus* has the limited interest in getting involved on the specific issue of providing as much public access as possible to documents filed in this case — and more specifically in ensuring that when designating records as confidential, all parties adhere to this Court's narrowly drafted Protective Order of March 30, 2004. *Amicus* does not have an interest in either party's position in this litigation, but only in the public's and the press's rights to access judicial documents that should be available to them, and in this instance, in supporting the Plaintiffs' attempts to provide public access to the records in this case.

*Amicus* has an interest in ensuring both the public's and the media's access to judicial records under common law and the First Amendment. A common law right of access to judicial

1

documents is said to predate even the Constitution, *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"), and the U.S. Supreme Court has agreed, stating "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communiations, Inc.*, 435 U.S. 589, 597 (1978). The U.S. Court of Appeals for the Second Circuit has also held that the public has both a common law and First Amendment right of access to judicial records. *Amodeo I*, 44 F.3d at 145; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

This Court seems to recognize and support such a right of access, as evidenced by its issuance of a Protective Order allowing sealed filings for only specific categories of records including proprietary and trade secrets information. *Amicus* agrees that, when used sparingly, Protective Orders can serve an important purpose in protecting higher interests in litigation. Here, however, it appears Defendants have reached beyond the narrow parameters of the Protective Order to seal more than 99 percent of the thousands of documents they have filed in this case, according to Plaintiffs' Memorandum of Law in Support of Their Motion to Set Aside the Defendants' Designations at p. 4.

This litigation is extremely high profile and of great public interest as it addresses the breakdown in security that led to one of the most atrocious acts of violence on U.S. soil in this country's history. The public has a right to review judicial records and has an interest in access to these documents to determine for themselves whether they contain any information of interest. We do not disagree that some of Defendants' filings are likely accurately marked as confidential based on what the Order allows; we do, however, disagree with Defendants' contentions that nearly every item contained within nearly every document they have filed falls into the narrow categories set forth in the Order.

In recognition of the public's right to access judicial records such as these, and of the media's duty to serve, as the U.S. Supreme Court has said, as "surrogates for the public," *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980), *Amicus* respectfully requests the Court grant its Motion for Leave to File Brief of *Amicus Curiae*.

        Respectfully submitted,

        /s/ Michael D. Steger
        Michael D. Steger (MS-2009)
        *Counsel of Record*
        Law Offices of Michael D. Steger, PC
        1325 Sixth Ave., 27th Floor
        New York, NY 10019
        (212) 956-9393

        Lucy A. Dalglish
        Gregg P. Leslie
        Corinna J. Zarek
        The Reporters Committee for Freedom
            of the Press
        1101 Wilson Blvd., Suite 1100
        Arlington, VA 22209
        (703) 807-2100

        *Counsel for The Reporters Committee for*
            *Freedom of the Press*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 21, 2007, I caused to be served, via Electronic Case Filing, the Motion of *Amicus Curiae* The Reporters Committee for Freedom of the Press for Leave to File Brief in Support of Plaintiffs' Motion to Set Aside the Defendants' Designations of Confidentiality to the Clerk of the Court; I further certify that on December 21, 2007, I sent an identical copy of that Motion as a courtesy copy to Judge Alvin K. Hellerstein; and I further certify that on December 21, 2007, I served one copy of the foregoing Motion, by electronic mail, to the following liaison counsel:

| | |
|---|---|
| Desmond T. Barry, Jr., Esquire<br>Condon & Forsyth, L.L.P.<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>dbarry@condonlaw.com | Richard A. Williamson, Esq.<br>Flemming Zulack Williamson<br>   Zauderer L.L.P.<br>One Liberty Plaza<br>35th Floor<br>New York, NY 10006-1404<br>rwilliamson@fzwz.com |
| Marc S. Moller, Esq.<br>Kreindler & Kreindler<br>100 Park Avenue<br>New York, NY 10017-5590<br>mmoller@kreindler.com | Beth E. Goldman, Esq.<br>Sarah S. Normand, Esq.<br>Assistant U.S. Attorneys<br>United States Department of Justice<br>Southern District of New York<br>86 Chambers Street<br>New York, NY 10007<br>beth.goldman@usdoj.gov<br>sarah.normand@usdoj.gov |

                                                /s/ Michael D. Steger
                                                Michael D. Steger (MS-2009)
                                                *Counsel of Record for The Reporters*
                                                *Committee for Freedom of the Press*